*UNITED STATES BANKRUPTCY COURT*
*WESTERN DISTRICT OF NEW YORK*

IN RE:

**SIMARIS DIAZ,**
        **Debtor(s),**

S.S. #xxx-xx-5266
  #
_____

*ORDER CONFIRMING*
*CHAPTER 13*

BK #05-23732

    A Petition was filed by Debtor(s) under Chapter 13 of the Bankruptcy Code, and a meeting of creditors conducted upon due notice pursuant to 11 U.S.C. §341 at which the Chapter 13 Trustee, Debtor(s), and attorney for Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

    A hearing on confirmation of the Plan has been held upon due notice pursuant to 11 U.S.C. §1324. The Court has heard and determined all objections to confirmation and to Debtor's Schedules and has considered the Plan as proposed or modified, the Trustee's Report and the testimony of Debtor.

**THE COURT THEREFORE FINDS:**

    (1) The Plan complies with the provisions of Chapter 13, Title 11, United States Code, and other applicable provisions of Title 11;

    (2) The contents of the plan comply with 11 U.S.C. Section 1322 where applicable;

    (3) The Plan represents the Debtor's reasonable effort and has been proposed in good faith and not by any means forbidden by law;

    (4) The Plan complies with the standards required by 11 U.S.C. Section 1325 for confirmation; and

    (5) Any objections to the plan have been disposed of, and there is presently pending no objection to confirmation of the instant Plan or Debtor's Schedules.

***It is accordingly, ORDERED that***

    (1) Debtor's Plan under Chapter 13 of the Bankruptcy Code, as proposed or modified, is confirmed.

    (2) Debtor is stayed and enjoined from incurring any new debts in excess of $500.00 except such debts as may be necessary for emergency medical or hospital care without the prior approval of the Trustee or the Court unless such prior approval was impractical and therefore cannot be obtained.

    (3) Except as provided by specific order of this Court, all entities are and continue to be subject to the provisions of 11 U.S.C. §362 insofar as they are stayed or enjoined from commencing or continuing any
proceeding or matter against Debtor, as the same is defined by §362, and subject to the provisions of 11 U.S.C. §1301 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a co-debtor, as the same is defined by §1301.

The provisions of the Plan bind the Debtor(s) and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan.

The Debtor(s) shall forthwith and until further order of the Court pay to the Trustee in good funds the sum of **$276.00 per month by wage order plus $600.00 yearly lump sum payment due by June 15th each year starting June 15, 2006.**

(4) A fee of **$400.00** is allowed the attorney for the debtor(s) herein for all services rendered in connection with this Plan, except as otherwise ordered and allowed by the Court.

(6) All of the Debtor(s) wages and property, of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of this Court; and title to all of the debtor's property, of whatever nature and kind and wherever located is hereby vested in the debtor during pendency of these Chapter 13 proceedings pursuant to the provisions of 11 U.S.C. §1327.

(7) From the Debtor(s) funds the Trustee is directed to make payments in the following order:

a. Filing fee to the Clerk of the Court, U.S. Bankruptcy Court (if unpaid);

b. Retain at all times sufficient funds to pay all other accrued administrative expenses;

c. The unpaid balance of the above described fee to the debtor's attorney;

d. Priority payments in full as allowed by the Court, except where priority claims are deferred until payment of the secured claims;

e. Secured claims shall retain their liens as hereinafter set forth:

| CREDITOR | SECURITY VALUE | SECURITY | RATE |
|---|---|---|---|
| **Nuvell Credit** | **$10,125.00** | **'04 Chevy Cavalier** | 9.5% |
| **Chase Mortgage** | 2,060.79 | **Arrears** | 9.5% |

Until the secured claim is paid in full, the secured creditor shall retain its lien. After the secured claim has been paid in full, the Debtor(s) will be entitled to an immediate lien release. Any timely and properly filed claim which alleges a security interest and is filed subsequent to the Confirmation Hearing shall be allowed as unsecured only for purposes of payment under the plan, except as may otherwise be agreed to by the Debtor(s) and the Court.

f. The balance of funds not retained for administrative expenses or used for payment of secured or priority claims shall be accumulated and distributed to unsecured creditors, as follows.

g. Classified unsecured claims as hereinafter set forth:

| CREDITOR | AMOUNT | CLASSIFICATION | DIVIDEND |
|---|---|---|---|
| **NONE** | | | |

h. General unsecured creditors shall be paid **a pro rata share** of their claims as are finally determined by the Court; notwithstanding the above, the plan will not be deemed completed until the debtor(s) pay(s) three years worth of plan payments, unless allowed unsecured claims are paid in full. No claims shall be allowed unless the creditor shall file a proof of claim within 90 days of the first date set for the First Meeting of Creditors; payment to unsecured creditors as allowed by the Court will be made in monthly installments of not less than $15.00. **Plan to run 5 years.**

i. Any temporary reduction in, or suspension of installment payments under this plan, for a period not to exceed ten (10) weeks may be granted upon application of the debtor, without notice to creditors, as the Court or Trustee deems proper.

(8) The debtor has rejected as burdensome the following executory contract(s) of the debtor:

**NONE**

Any claim timely and properly filed by a creditor arising from rejection of such executory contract(s) shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the debtor or the Trustee to object to the amount of the claim.

(9) The following secured creditors will be paid by the debtor directly. Said secured claims are either being paid pursuant to their original contract or pursuant to new agreements reached between the parties. To the extent that any such new agreements exist, the parties are hereby ordered to execute any and all documents necessary to reflect the new notes and obligations which exist between the parties. In the event of a dismissal of the plan, the secured creditors may reinstate the terms of the original obligations, subject to the further order of this court. All parties will promptly execute any and all documents necessary to be filed. To the extent that the new arrangements reflects an extension of the obligations secured by valid liens filed prior to the filing of the petition, said liens will continue in existence as of the date of the filing of the lien, and not as of the date of the new arrangement between the parties, unless this court orders otherwise or the parties so stipulate otherwise.

| CREDITOR | SECURED CLAIM | SECURITY | BASIC TERMS |
|---|---|---|---|
| **Chase Mortgage** | **$69,122.34** | **Mortgage** | **Original Contract** |

(10) Upon conversion of this case to a case under another chapter, the failure of the debtor to honor bad funds negotiated by the Chapter 13 Trustee shall be deemed a willful failure to obey an order of this Court.

Dated: 10/4/05
Rochester, New York

HON. JOHN C. NINFO, II
BANKRUPTCY JUDGE



FILED
OCT - 4 2005
BANKRUPTCY COURT
ROCHESTER, N.Y.