```
UNITED STATES BANKRUPTCY COURT        Motion Date: 12/14/2005
WESTERN DISTRICT OF NEW YORK          Motion Time: 11:30am
------------------------------X
IN RE:                                CASE NO.05-23732 jcn
     Simaris Diaz                     CHAPTER 13

               DEBTOR                 JUDGE: John C. Ninfo, II
------------------------------X
```

### NOTICE OF MOTION FOR ORDER
### GRANTING RELIEF FROM AUTOMATIC STAY

SIRS:

**PLEASE TAKE NOTICE** that Chase Home Finance LLC ("Movant") seeks relief from the automatic stay as to the property located at 132 Cherry Road, Rochester, New York 14612 and will move the United States Bankruptcy Court located at 1220 U.S. Courthouse, 100 State Street, Rochester, NY 14614, on December 14, 2005, at 11:30am, or as soon thereafter as counsel may be heard, for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C. 105(a) and 11 U.S.C. 362(d)(1), granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtor's failure to make post-petition payments, and/or offer and provide Movant with adequate protection for its security;

2. Granting Movant waiver of the ten (10) day stay invoked pursuant to F.R.B.P. 4001(a)(3); and

3. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

**PURSUANT TO FRBP 9014 AND THE STANDING ORDERS IMPLEMENTING DEFAULT PROCEDURES IN ROCHESTER AND WATKINS GLEN: IF YOU INTEND TO OPPOSE THE MOTION, AT A MINIMUM YOU MUST SERVE: (1) THE MOVANT AND**

**MOVANT'S COUNSEL, AND (2) IF NOT THE MOVING PARTY (A) THE DEBTOR AND DEBTOR'S COUNSEL; (B) IN A CHAPTER 11 CASE, THE CREDITORS' COMMITTEE AND ITS ATTORNEY, OR IF THERE IS NO COMMITTEE, THE 20 LARGEST CREDITORS; and (C) ANY TRUSTEE. IN ADDITION, YOU MUST FILE WITH THE CLERK OF THE BANKRUPTCY COURT WRITTEN OPPOSITION TO THE MOTION NOT LATER THAN THREE (3) BUSINESS DAYS PRIOR TO THE RETURN DATE OF THE MOTION PURSUANT TO FRBP 9006(a). IN THE EVENT NO WRITTEN OPPOSITION IS SERVED AND FILED, NO HEARING ON THE MOTION WILL BE HELD ON THE RETURN DATE, AND THE COURT WILL CONSIDER THE MOTION AS UNOPPOSED.**

Dated: Islip, New York
November 16, 2005

          Respectfully submitted,

          ROSICKI, ROSICKI & ASSOCIATES, P.C.
          By: Lisa Milas, Esq. (8368)
          Attorneys for Movant
          152 Islip Avenue, Ste. 18
          Islip, NY 11751
          (631) 224-4678

TO:    Simaris Diaz
       Debtor
       132 Cherry Road
       Rochester, NY 14612

       Kathia M. Casion, Esq.
       Attorney for Debtor
       Legal Aid Society
       65 West Broad Street, Suite 400
       Rochester, NY 14614

       George M. Reiber, Esq.
       Trustee
       3136 S. Winton Road, Suite 206
       Rochester, NY 14623

```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------X
IN RE:                            CASE NO. 05-23732 jcn
    Simaris Diaz                  CHAPTER 13

             DEBTOR               JUDGE: John C. Ninfo, II
-----------------------------X
```

**APPLICATION IN SUPPORT OF AN ORDER
MODIFYING AND TERMINATING THE AUTOMATIC STAY**

**TO:  THE HONORABLE JOHN C. NINFO, II,
      CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The Application of Chase Home Finance LLC ("Movant"), by its attorneys, Rosicki, Rosicki & Associates, P.C., respectfully represents and says:

Lisa Milas, an attorney at law duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

**I.   RELIEF REQUESTED**

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure, Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code, 11 U.S.C. Section 101 et. seq. (the "Bankruptcy Code"), for an Order: (i) modifying and terminating the automatic stay to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 132 Cherry Road, Rochester, New York 14612 (the "Premises"), (ii) waiving the ten (10) day stay pursuant to F.R.B.P. 4001(a)(3), and (iii) granting Movant such other and further relief as the Court deems just and proper.

## II. BACKGROUND

2. Movant is the holder, of a Note and Mortgage, dated May 25, 2004, given by Simaris Diaz (the "Debtor") in the original principal amount of $87,200.00 pledging the Premises as security. The Mortgage was duly recorded with the Monroe County Clerk's office. Copies of the Note and Mortgage are annexed hereto as Exhibit "A."

3. On July 26, 2005, the Debtor filed with the Clerk of this Court a petition for relief under Chapter 13 of the Bankruptcy Code.

4. Upon information and belief, the Debtor is in default, post-petition, under the terms of the Note and Mortgage for failure to make timely payments in the amount of $818.12 per month, and the loan is now post petition due for October 1, 2005.

5. Upon information and belief, the post-petition amount in default through the date of the within application is $1,636.24.

## III. THE APPLICATION

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property ..." As set forth herein, cause exists to vacate the automatic stay as the Debtor has failed to make monthly post-petition mortgage payments to Movant.

7. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay.

See In re Taylor, 151 B.R. 646 (E.D.N.Y 1993); In re Davis, 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986); In re Frascatore, 33 B.R. 687 (B.Ct. E.D. Pa. 1983).

8. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under Section 362(a) of the Bankruptcy Code be modified and terminated for cause in accordance with Section 362(d) of the Bankruptcy Code to permit Movant to pursue their rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

9. Waiver of the stay invoked pursuant to F.R.B.P. 4001(a)(3) is sought so Movant and its successors and/or assigns can immediately proceed with the foreclosure and/or eviction actions without further delay or economic harm.

10. There being no novel issue of law raised herein, Movant respectfully requests that the requirement for a separate memorandum of law be dispensed with.

**WHEREFORE,** Movant respectfully requests that an Order be granted modifying the automatic stay as to Chase Home Finance LLC , its successors and/or assigns, permitting maintenance of mortgage foreclosure and eviction proceedings with respect to the Premises; waiving the stay invoked pursuant to F.R.B.P. 4001(a)(3); and for such other and further relief as this Court may deem just and proper.

Dated:   Islip, New York
         November 16, 2005

                                    Respectfully submitted,

                                    _____
                                    ROSICKI, ROSICKI & ASSOCIATES, PC
                                    Lisa Milas, Esq. (8368)
                                    Attorneys for Movant
                                    152 Islip Avenue, Ste. 18
                                    Islip, NY 11751
                                    (631) 224-4678

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

    Simaris Diaz

                              Debtor

**NOTICE OF MOTION AND APPLICATION
IN SUPPORT OF ENTRY OF AN ORDER VACATING STAY**

**ROSICKI, ROSICKI & ASSOCIATES, PC**
Attorneys for Movant
152 Islip Avenue, Ste. 18
Islip, New York 11751
(631) 224-4678